IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEWAYNE DARNEZ SHEPHERD**                                          **PETITIONER**

v.                          NO. 4:22-cv-00729-LPR-PSH

**DEXTER PAYNE**                                                     **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Dewayne Darnez Shepherd ("Shepherd") challenges his 2022 guilty plea in Drew County Circuit Court case number CR-2022-032. It is recommended that this case be dismissed because he waived three of his claims by pleading guilty, and his remaining claim is without merit.

The record reflects that Shepherd was charged in CR-2022-032 with being a felon in possession of a firearm in violation of Ark. Code Ann. 5-73-103. It was alleged that he possessed a firearm after having previously been convicted of four or more felonies, one of which was a violent felony, and the offense was punishable as a Class B felony.

Shepherd eventually pleaded guilty to the offense charged in CR-2022-032 as part of a "wrap-up offer" encompassing the case and a case from Chicot County Circuit Court. See Docket Entry 14 at CM/ECF 4.[1] He was questioned during a change of plea/sentencing hearing about his criminal history and the facts underlying the offense charged in CR-2022-032. The questioning included, in part, the following:

---

[1] In the Chicot County Circuit Court case, a suspended imposition of sentence was revoked, and Shepherd was sentenced concurrently with the five-year sentence he received in CR-2022-032. He is not challenging the Chicot County Circuit Court case in the case at bar.

> THE COURT: And do you agree with the State's allegation that you do have four or more prior felony convictions?
>
> MR. SHEPHERD: Yes, I agree.
>
> ...
>
> THE COURT: Okay. How do you plead to the felon in possession of a firearm?
>
> MR. SHEPHERD: Plead guilty.
>
> THE COURT: And are you pleading guilty because you were a convicted felon on this date and possessed a firearm?
>
> MR. SHEPHERD: I pled guilty because I had a gun in the house.
>
> THE COURT: Okay. And you do agree you were a convicted felon at that time?
>
> MR. SHEPHERD: Yes, sir.
>
> THE COURT: All right. I find a factual basis for your plea, Mr. Shepherd and this is a Class B felony because of a prior felon possession --
>
> MR. LEONARD: Prior violent felony.
>
> THE COURT: Prior violent offense, and you've been made aware of that --

See Docket Entry 14 at CM/ECF 5-7. Shepherd was sentenced to sixty months in the custody of the Arkansas Division of Correction, and an additional three years suspended imposition of sentence was imposed.

Shepherd did not appeal any aspect of his guilty plea or sentence.[2] He also failed to seek state post-conviction relief by filing a petition pursuant to Arkansas Rule of Criminal Procedure 37.

Shepherd began this case by filing the petition at bar. In the petition, he challenged his guilty plea on grounds that included the insufficiency and fabrication of evidence, an illegal search and seizure, an illegal arrest, and his attorney's ineffective representation.

Respondent Dexter Payne ("Payne") filed a response to the petition and asked that the petition be dismissed. It was Payne's contention that Shepherd waived three of his claims when he pleaded guilty, and his challenge to his attorney's representation is without merit.[3]

Shepherd, in reply, disagreed. He continued to maintain that there was no factual basis for how the offense in CR-2022-032 was charged, noting that he has not been convicted of four or more violent felonies. Shepherd also continued to maintain that his mother's home was illegally searched, and counsel failed to provide effective representation.

---

[2]  Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea. Although there are exceptions to the rule, see Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014), none of the exceptions were present in this instance.

[3]  Payne did not allege that Shepherd's claims are procedurally barred from federal court review.

Shepherd's first claim is that he was "wrongly convicted." See Docket Entry 1 at CM/ECF 5. Shepherd maintains that the firearm he was found to possess was merely a .22 caliber hunting rifle. Shepherd additionally maintains that the prosecutor lied under oath, falsified documents, and altered evidence. Shepherd maintains that the prosecutor did so in order to charge Shepherd with a Class B felony, rather than a less serious Class D felony, thereby justifying a sentence enhancement.

A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses." See United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007). The defendant who enters a valid guilty plea is barred from raising "pre-plea constitutional violations in a habeas corpus action." See Williams v. Payne, No. 5:19-cv-00253-BSM-JTR, 2021 WL 2125126, 7 (E.D. Ark. Apr. 6, 2021), report and recommendation adopted, No. 5:19-cv-00253-BSM, 2021 WL 2117375 (E.D. Ark. May 25, 2021). The focus of any challenge to a guilty plea is limited to "the voluntariness of the plea" and "the nature of counsel's advice." See Id., 2021 WL 2125126, 7 (citing Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984)).[4]

---

[4]   A guilty plea does not waive all pre-plea claims. For example, it does not waive a defendant's right to "facially challenge the Government's ability to constitutionally charge him in the first place." See United States v. Dewberry, 936 F.3d 803, 806 (8th Cir. 2019). Here, though, Shepherd does not facially challenge the State of Arkansas' ability to constitutionally charge him in the first place.

The undersigned has reviewed the record in this case, which includes the transcript from the change of plea/sentencing hearing. The record reflects that Shepherd was apprised of, inter alia, the charge against him, the punishment he faced, and the constitutional rights he was waiving by pleading guilty. Having been apprised of those matters, he admitted in open court that he committed the offense charged in CR-2002-032. Solemn declarations in open court carry a strong presumption of verity, see Blackledge v. Allison, 431 U.S. 63 (1977), and the record leaves little doubt that Shepherd understood what he was doing when he pleaded guilty.

Shepherd nevertheless challenges his guilty plea on grounds relating to the firearm he was found to possess and the prosecutor's alleged misconduct. Shepherd's assertions do not undermine his plea for at least three reasons, and the undersigned finds that he entered a valid plea.

First, Ark. Code Ann. 5-73-103 provides, in part, that no person shall possess any firearm who has been convicted of a felony. The statute does not delineate the type of firearm the person cannot possess. Here, Shepherd possessed a firearm and has been convicted of a felony. It makes no difference that he might have simply been found in possession of a .22 caliber hunting rifle and not a "machine gun." See Docket Entry 1 at CM/ECF 5.

Second, Shepherd has presented nothing to support his allegations that the prosecutor lied under oath, falsified documents, altered evidence, or engaged in misconduct in order to charge Shepherd with a Class B felony. Shepherd maintains that the prosecutor stated Shepherd has "more than four prior violent felonies." See Docket Entry 15 at CM/ECF 1. The transcript from the change of plea/sentencing hearing reflects that the prosecutor made no such assertion. Instead, the record reflects that Shepherd has four or more prior felonies, one of which was a violent felony.

Third, Ark. Code Ann. 5-73-103 provides, in part, that a person who violates the statute commits a Class B felony if he has a prior violent felony conviction. Here, the record reflects that Shepherd has four or more prior felonies, one of which was a violent felony.

Having found that Shepherd entered a valid guilty plea, the undersigned turns back to his first claim, a challenge to the prosecutor's alleged misconduct. The claim warrants no relief because Shepherd waived his right to challenge the prosecutor's alleged misconduct when Shepherd pleaded guilty. See United States v. Cain, 134 F.3d 1345 (8th Cir. 1988) (by pleading guilty, defendant waived claim of prosecutorial misconduct).[5]

---

[5] For reasons that will be expounded upon in addressing Shepherd's fourth claim, the undersigned finds that counsel was not ineffective in advising Shepherd in connection with his guilty plea.

7

Shepherd's second claim is that his constitutional rights were violated when law enforcement officers searched his mother's home without her permission and without a valid search warrant. He notes that he did not live with his mother but instead lived next door to her.

Shepherd's second claim warrants no relief. His guilty plea was unquestionably valid, and he therefore waived his right to challenge the allegedly illegal search of his mother's home and anything that might have been seized by searching her home. See Smith v. United States, 876 F.2d 655 (8th Cir. 1989) (by pleading guilty, defendant waived claim of illegal search and seizure).

Shepherd's third claim is that his constitutional rights were violated when law enforcement officers abused their authority, leading to his unlawful arrest. He maintains that the officers used his arrest as a subterfuge to search his mother's home.

Shepherd's third claim warrants no relief. His guilty plea was unquestionably valid, and he therefore waived his right to challenge his allegedly unlawful arrest. See Wolfe v. Payne, No. 5:21-cv-5190-TLB-CC, 2022 WL 2794311 (W.D. Ark. May 25, 2022), report and recommendation adopted, No. 5:21-cv-5190-TLB, 2022 WL 2793584 (W.D. Ark. July 15, 2022) (by pleading guilty, defendant waived claim of illegal arrest).

Shepherd's last claim is a two-fold challenge to his attorney's representation. Shepherd first maintains that counsel was ineffective when he failed to challenge the fact that Shepherd was charged with a Class B felony, rather than a Class D felony, when he was not found to be in possession of prohibited weapons such as sawed off shotguns or assault-type long rifles. Second, Shepherd maintains that counsel was ineffective when he refused to represent Shepherd in a post-conviction proceeding.

Shepherd's last claim is governed by Strickland v. Washington, 466 U.S. 668 (1984), which requires him to show that counsel's performance fell below "professional norms." See Gabaree v. Steele, 792 F.3d 991, 996 (8th Cir. 2015). "The performance prong requires the claimant to overcome a strong presumption that counsel's representation was within the wide range of reasonable professional assistance by showing that counsel's performance not just deviated from best practices but amounted to incompetence." See Dorsey v. Vandergriff, 30 F.4th 752, 757 (8th Cir. 2022) (internal quotation marks and citations omitted).[6]

Shepherd's last claim warrants no relief. The undersigned so finds for two reasons.

---

[6] Shepherd must also show prejudice. In challenging his guilty plea, he must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have instead upon going to trial. See Hill v. Lockhart, 474 U.S. 52 (1985).

First, as the undersigned has noted, Ark. Code Ann. 5-73-103 provides, in part, that a person who violates the statute commits a Class B felony if he has a prior violent felony. The class of felony does not hinge upon the type of firearm a person possesses; the class of felony hinges upon whether he has a prior violent felony. Here, the record reflects that Shepherd has four or more prior felonies, one of which is a violent felony. Counsel therefore did not err when he failed to challenge the fact that Shepherd was charged with a Class B felony.

Second, there is no constitutional right to counsel in a post-conviction proceeding in either state or federal court. See Coleman v. Thompson, 501 U.S. 722 (1991) (no right to counsel in state post-conviction proceeding); McCall v. Benson, 114 F.3d 754 (8th Cir. 1997) (no right to counsel in 28 U.S.C. 2254 proceeding). Shepherd therefore cannot claim constitutionally ineffective assistance of counsel when no right to counsel exists.

In conclusion, it is recommended that Shepherd's petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Shepherd cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 15th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE